**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| HENRY J. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 3:05-3594-PMD-JRM |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Title 42, Sections 405(g) and 1383(c)(3), of the United States Code, to obtain judicial review of the Commissioner of Social Security's final decision, which denied Henry Thompson ("Thompson" or "Plaintiff") claims for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). The record includes a Report and Recommendation ("R & R") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), recommending that the Commissioner's final decision be adopted. Plaintiff timely objected to the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that party may object, in writing, to a Magistrate Judge's R & R within ten days after being served with a copy).

**BACKGROUND**

Plaintiff is a fifty-three year old with a high school education and past relevant work as a drywall installer and delivery driver. Plaintiff alleges disability since June 15, 2001, due to lupus, osteoarthritis and hepatitis C.

On January 27, 2003, Plaintiff applied for SSI, and on February 4, 2003, he applied for DIB.

1

Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). A hearing was held October 26, 2004, at which both Plaintiff and a vocational expert ("VE") appeared and testified. Thereafter, the ALJ issued a decision denying benefits. On November 25, 2005, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for the purposes of judicial review. Plaintiff filed this action contesting this final decision on December 28, 2005.

## DISCUSSION

### I.    MAGISTRATE JUDGE'S R & R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has reviewed the entire record, including the R & R and Plaintiff's objections. Pursuant to this review, the court concludes that the Magistrate Judge accurately detailed the facts at issue and applied the correct principles of law. Accordingly, the court adopts the R & R in full and incorporates it into this Order.

### II.    STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## III. COMMISSIONER'S FINAL DECISION

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so, the claimant is disabled.

> If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and work experience. *See Walls*, 296 F.3d at 290.

Applying this framework, the ALJ found (1) that Plaintiff met the disability insured status requirements, (2) that he has not engaged in substantial gainful activity since his alleged onset date, (3) that his impairments, discoid lupus and osteoarthritis, are severe but do not meet or equal a listed impairment, (4) that Plaintiff's allegations regarding his limitations are not fully credible; (5) that he retains the residual functional capacity to perform "a significant range of light work," (6) that, although he is unable to perform any of his past relevant work, the Commissioner met the burden of demonstrating the existence of other jobs in significant number in the national economy that Plaintiff is able to perform. Accordingly, the ALJ found that Plaintiff is not under a "disability" as defined by the Social Security Act.

## IV.    ANALYSIS

In his R & R, the Magistrate Judge found that ALJ correctly discredited Plaintiff's claimed

physical limitations and that the ALJ's decision was supported by substantial evidence.  As such, the Magistrate Judge recommended that the ALJ's decision denying benefits be affirmed.

Plaintiff enumerates ten objections to the R & R, all of which may be classified as one of the following three objections: (1) the Magistrate Judge applied the wrong standard in finding that the ALJ's decision was supported by substantial evidence; (2) the Magistrate Judge erred in finding that the ALJ properly discredited Plaintiff's claimed symptoms and limitations; and (3) the Magistrate Judge erred in failing to recommend that the matter be remanded for consideration of other relevant evidence.

**(1)     Did the Magistrate Judge apply the correct standard of review in determining that the ALJ's decision was supported by substantial evidence?**

In the R & R, the Magistrate Judge explained that this court may not reverse the Commissioner's decision "simply because a plaintiff has produced some evidence which might contradict the Commissioner's decision or because, if the decision was considered *de novo*, a different result might be reached."  (R &R at 13.)  Plaintiff asserts that this statement misstates the law in that it fails to recognize that "a showing that the Commissioner failed to consider such evidence *does* require reversal."  (Objections at 2.)  As such, Plaintiff claims the R & R errs as a matter of law by applying the substantial evidence rule "in a vacuum, ignoring well established law that the Commissioner must expressly weigh all relevant evidence, apply the applicable legal standards, and state rationales that are sustainable in light of the law and the substantial evidence of record."  (Objections at 1.)  Further, Plaintiff asserts that the Magistrate Judge erred by citing to several portions of the record not explicitly cited by the ALJ in his written decision.  Plaintiff objects that "evidence not found probative during the [ALJ's] administrative consideration of the claim cannot be adopted post hoc."  (Objections at 2.)

5

The court finds these objections to be meritless. It is well established that "[u]nder the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir.1996). In this case, the Magistrate Judge correctly considered whether the ALJ's decision applied the correct legal standard and was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); see also *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966). Plaintiff points to no evidence indicating that the Magistrate Judge applied the substantial evidence test "in a vacuum" without considering all the evidence before the ALJ.

Further, this court is charged with reviewing the record as a whole. Although the court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary," *Craig,* 76 F.3d at 589, this court is not limited to considering only those portions of the record cited within the ALJ's written decision when determining whether that decision is supported by substantial evidence. For these reasons, the court finds that the Magistrate Judge applied the correct standard and properly considered the entire record in determining that the ALJ's decision was supported by substantial evidence.

**(2)     Did the Magistrate Judge err in finding that the ALJ properly evaluated the credibility of Plaintiff's subjective pain and limitations?**

A subjective allegation of pain, standing alone, shall not be conclusive evidence of disability, "where the claimant proves the existence of a medical condition that could cause pain, the claimant's subjective complaints must be considered by the ALJ, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective evidence." *Mickles v. Shalala*,

6

29 F.3d 918, 919 (4th Cir. 1994) (quoting 42 U.S.C. § 423(d)(5)(A)).  In this case, it is undisputed that Plaintiff's impairments - discoid lupus and osteoarthritis - are of the nature and type that can produce significant pain.  Nonetheless, the ALJ chose to not credit Plaintiff's claims of severe joint pain and fatigue because (1) the medical record did not support the severity of Plaintiff claims and (2) several inconsistencies between Plaintiff's testimony and the record undermined Plaintiff's credibility.   The Magistrate Judge found that the ALJ's determinations regarding Plaintiff's credibility and his subjective claims of pain were proper and supported by substantial evidence. Plaintiff objects to this finding.  He claims that the ALJ (1) erred in requiring objective medical corroboration of pain and subjective limitations; (2) erred in failing to explain how the clinical findings and other details from the medical record was inconsistent with Plaintiff's claims of pain and subjective limitations; (3) erred in finding that Plaintiff's "daily activities" were inconsistent with his claims of pain and limitations; and (4) erred in attaching significance to Plaintiff's failure to abstain from drinking alcohol in violation of his physician's advice.  For these reasons, Plaintiff asserts that the ALJ's assessment of the credibility of his claimed subjective limitations was not supported by substantial evidence.

The ALJ is required to make a determination regarding the intensity, persistence, and functionally limiting effects of the pain to determine the extent to which the symptoms affect Plaintiff's ability to do basic work activities.  This requires the ALJ to make a finding about the credibility of the individual's statements about the symptoms and their functional effects.  Security Ruling 96-7p.  The ALJ need not accept subjective claims of pain and limitations to the extent they are inconsistent with the available medical and non-medical evidence.  Such evidence includes:  the use and effects of medications, the claimant's ability to perform daily activities, the consistency of

the claimant's allegations, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges he suffers.  Social Security Ruling 96-7p.

Where the ALJ makes a determination regarding a claimant's credibility, the ALJ must adequately "explain the reasons for the finding about the credibility of the individual's statements in the disability determination or decision."  Social Security Ruling 96-7p.  As the Fourth Circuit explained:

> [t]he ALJ is required to make credibility determinations - and therefore sometimes make negative determinations - about allegations of pain or other nonexertional disabilities. . . [Su]ch decisions should refer specifically to the evidence informing the ALJ's conclusions. This duty of explanation is always an important aspect of the administrative charge,. . . and it is especially crucial in evaluating pain.

*Hatcher v. Secretary*, 898 F.2d 21, 23 (4th Cir. 1989).  If the ALJ points to substantial evidence in support of his decision and adequately explains the reasons for his finding on the claimant's credibility, the court must uphold the ALJ's determination.  *Mastro v. Apfel*, 270 F.3d at 176 (holding that the court is not to "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency).  Credibility determinations are in the province of the ALJ, and courts normally ought not interfere with those determinations. *See Hatcher v. Sec'y of Health & Human Servs.,* 898 F.2d 21, 23 (4th Cir.1989).

After a thorough consideration of the record, the court finds that the ALJ correctly considered the medical and non-medical evidence in finding that Plaintiff's claims of debilitating pain and fatigue were not fully credible.  First, after giving serious consideration to Plaintiff's subjective complaints regarding the fatigue and pain, the ALJ chose not to credit those aspects of Plaintiff's testimony that were not supported by the medical evidence. (Tr. 20.) The ALJ explained that the medical record indicates that Plaintiff's arthroscopic surgery on his right knee was

successful and resulted in a full range of motion for that knee and that Plaintiff could walk without

any pain or limp. The record also indicates that Plaintiff had not been undergoing any significant

treatment for his lupus and, for a significant period of time, did not take any medication or only

over-the-counter medication for his alleged disabling arthritic pain. See 20 C.F.R. § 404.1529(c)(3)

(ALJ may consider "the type, dosage, effectiveness, and side effects of any medication [claimant]

has taken to alleviate [his] pain or other symptoms"). Further, the ALJ noted that the record reflects

that Plaintiff continued consuming alcohol and did not take Zoloft every day, despite the advice of

his physicians. (Tr. 20.) The ALJ found that his failure to follow the advice of his physicians

"suggests that the symptoms may not have been as serious as has been alleged."[1]  (Tr. 20.)

Accordingly, the court finds that the ALJ points to substantial evidence in the medical record in

support of his decision that Plaintiff's claims of debilitating pain and fatigue were not fully credible.

The ALJ also properly considered non-medical evidence, such as inconsistencies between

Plaintiff's testimony and the record, in finding that Plaintiff's claimed limitations were not

completely credible. *Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995) ("Subjective

complaints may be discounted if there are inconsistencies in the evidence as a whole."). First, and

most damaging to Plaintiff's credibility, is the ALJ's observation that while Plaintiff testified that

---

[1] Plaintiff objects that the ALJ erred in placing significance on Plaintiff's failure to cease drinking alcohol upon the instruction of his physicians. Plaintiff argues that failure to follow treatment advice of physician is only a basis for denial of a claim where the prescribed medical treatment could possibly restore the claimant's ability to work. *See* 20 C.F.R. § 404.1530(b). Because there is no indication that abstaining from alcohol would restore Plaintiff's ability to work, Plaintiff objects that the ALJ erred in relying on this evidence in determining Plaintiff's credibility. The court does not agree. The ALJ may consider a claimant's compliance with physician's advice when determining that claimant's motivation and desire to return to work, regardless of whether compliance would remedy claimant's symptoms. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ may consider a claimant's failure to follow treatment advice as a factor in assessing claimant's credibility).

he had not worked at all since June 2001 (Tr. 270), the record indicates that he continued to work on a part-time basis as late as April 2002. (Tr. 21, 53, 154, 156.) Plaintiff also testified inconsistently regarding the treatment for his hepatitis. He testified at the hearing that he was not receiving treatment for his hepatitis due to lack of funds; however, the record shows that Plaintiff was actually denied treatment for his hepatitis because of his heavy alcohol use as well as because the treatment might exacerbate Plaintiff's arthritis. The record also indicates that Plaintiff inconsistently told Dr. Murdaugh that he was not being treated for hepatitis because that treatment interfered with his lupus treatment. (Tr. 19, 131.) Further, at the hearing, Plaintiff testified that he was going to need surgery on both of his hips in the future because of the deterioration of his joints; however, the record contains no reference to any need for this surgery. Finally, despite Plaintiff's claims that his medication made him "woozy" and caused him to sleep periodically throughout the day, Plaintiff never complained of this side effect to any of his physicians and never attempted to have his medication changed to alleviate these alleged side effects. The ALJ appropriately considered these many contradictions between Plaintiff's testimony and the evidence within the record in determining that Plaintiff was not entirely credible.

The court therefore finds that the ALJ cites to substantial evidence in the record in making his credibility determination and adequately explains the reasons for his finding. The ALJ's credibility determinations are entitled to deference, and the court finds no reason to disturb them in this instance. *Shively v. Heckler,* 739 F.2d 987, 989-90 (4th Cir.1984) (holding that the ALJ's credibility determinations are entitled to great weight because the ALJ had the opportunity to observe the demeanor and assess the credibility of the claimant).

**(3)     Does the R & R err in recommending denial of benefits rather than remand for further development of the record?**

10

Plaintiff asserts that the ALJ failed in his duty to fully develop the record regarding (1) Plaintiff's diagnosis of fibromyalgia and depression, (2) Plaintiff's allegations of extreme fatigue and need to sleep throughout the day, and (3) evidence that Plaintiff's medical condition progressed after his alleged onset date and during the pendency of the claim. Plaintiff also claims that the ALJ erred by (4) failing to require the VE to provide "any factual foundation for opinions that are admittedly inconsistent with the Dictionary of Occupational Titles,"[2] and (5) failing to give Plaintiff an opportunity to address any alleged inconsistencies in the record. As such, Plaintiff asserts that the Magistrate Judge erred in recommending that benefits be denied, rather than recommending that the matter be remanded for the taking of additional evidence.

The court disagrees. The ALJ does have a duty to develop the record[3] and, "on good cause shown," a federal court may remand a case to the ALJ for the taking of additional evidence. *Walker v. Harris,* 642 F.2d 712, 714 (4th Cir.1981); *see Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980) ("Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded."). However, the Fourth Circuit in *Marsh* held the ALJ's performance of his duty to fully inquire into each issue is "particularly important when the claimant *appears without counsel.*" 632 F.2d at 299 (emphasis added). The Fourth Circuit later stated in *Johns v. Sullivan,* 947 F.2d 941 (Table), 1991WL 217045, at *2 (4th Cir. Oct. 28, 1991), it is well-settled that in SSI and DIB hearings, the administrative law judge has a duty to "scrupulously and conscientiously probe into, inquire of, and

---

[2] The court dismisses this objection outright. The transcript from the hearing clearly shows that the VE's opinions were "consistent with the DOT except for the sit, stand option of which [he had] either personal or professional knowledge." (Tr. 286.)

[3] *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986).

explore for all the relevant facts in a case involving an unrepresented, poorly educated, pro se claimant." *Id.* at *2. The record in this case shows, however, that Plaintiff was represented by his attorney, Mr. Conrad Falkiewicz, at the administrative hearing. (Tr. 269.) Plaintiff's attorney thoroughly examined Plaintiff at the hearing, eliciting testimony regarding his physical limitations, daily activities, and pain level. Additionally, Plaintiff's counsel discussed Plaintiff's prescribed cane and the possibility of future surgery. Under these circumstances, it cannot be said that Plaintiff was denied a fair opportunity to be heard or was prejudiced in any way such that remand to develop the record is appropriate. *See Scott v. Barnhart*, 2006 WL 437503 (W.D. Va. Feb. 21, 2006).

The court further notes that the regulations require only that the medical evidence be complete enough to make a determination regarding the nature and effect of the *claimed disability*, the duration of the disability, and the claimant's residual functional capacity. 20 C.F.R. § 416.913(e) (emphasis added). In this case, while Plaintiff "was assessed with . . . fibromyalgia" and depression, Plaintiff did not claim that these impairments constituted a disability.[4] (Tr. 56.) Accordingly, because fibromyalgia and depression were not claimed disabilities, the ALJ was under no duty to make a determination regarding these impairments. Furthermore, regarding Plaintiff's objection that the ALJ should have ordered psychological testing, the court notes that the claimant bears the burden of putting forth all evidence of his mental impairments. 20 C.F.R. §§ 404.1512(a), 416.912(a) (1994). The ALJ was not required to order psychological testing of Plaintiff as Plaintiff could have elected to be psychologically tested at any time during the pendency of these proceedings. *Colvard v. Chater*, 1995 WL 371620, *2 (4th Cir. 1995). Also, as discussed above,

---

[4] In his Disability Report, Plaintiff listed lupus, osteoarthritis, and hepatitis-C as his conditions limiting his ability to work. (Tr. 56.)

12

because no medical evidence supported Plaintiff's assertion at the hearing that his medication causes him to sleep during the day and experience fatigue, the ALJ properly discredited this claim without further developing the record.

For these reasons, the court finds that the ALJ developed the record so as to assess the nature and effect of Plaintiff's claimed disabilities, and that evidence provided was sufficient for the ALJ to make such a determination.[5]   Accordingly, this case does not require a remand for further development of the record.

## CONCLUSION

After a careful examination of the record as a whole, the court concludes that the ALJ's decision to deny benefits was supported by substantial evidence.  It is, therefore, **ORDERED**, for the foregoing reasons, that the Commissioner's denial of benefits is **AFFIRMED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 3, 2007.**

---

[5]The court further notes that Plaintiff does not identify what the allegedly missing evidence would have shown; rather, he merely speculates that having that evidence might have produced a different result.  *See Scarberry v. Chater,* 1995 WL 238558, *4 (4th Cir. 1995).

13